IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WESSEL,

       Petitioner,                    No. CIV S-08-1082 WBS KJM P

    vs.

D.K. SISTO, Warden,

       Respondents.               <u>ORDER</u>

                             /

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the 2006 denial of his application for parole. He raises three grounds in his petition: the decision violated his Fifth, Sixth and Fourteenth Amendment rights by extending his term beyond the statutory maximum for his conviction; his right to procedural due process was violated because he was denied a full opportunity to speak at the parole hearing; and the denial was not supported by relevant reliable evidence and was arbitrary. He has filed motions for discovery and for the appointment of counsel; respondent has filed a motion for a stay.

/////

/////

1

I. <u>Motion For Discovery</u>

Petitioner seeks the transcripts of the decision portion of every parole hearing held between January 1, 1997 and December 31, 2006, at which the prisoner was found suitable for parole. He argues this is relevant to showing that the matrix of base terms for first degree murder establishes the statutory maximum within the contemplation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), an argument which forms the basis of his first claim for relief.

Habeas petitioners are not entitled to discovery as a matter of course but only when specific allegations show reason to "believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-09 (1997). Petitioner has not shown that the information he seeks will support his claim for relief; as respondent observes, the board relies on the regulatory matrix to set a term only after it has found an inmate suitable for parole. <u>In re Dannenberg</u>, 34 Cal.3d 1061, 1097-98 (2005).

II. <u>Motion For The Appointment Of Counsel</u>

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

III. <u>Request For A Stay</u>

Respondent has moved for a stay of the proceedings, including the filing of an answer, pending the Ninth Circuit's <u>en</u> <u>banc</u> review of <u>Hayward v. Marshall</u>, 512 F.3d 536 (9th Cir. 2008), <u>reh'g</u> <u>en</u> <u>banc</u> <u>granted</u>, 527 F.3d 797 (9th Cir. 2008). The respondent requests that the stay be imposed until the Ninth Circuit issues its mandate based on the <u>en</u> <u>banc</u> decision still to be announced in <u>Hayward</u>.

Respondent is correct that the Ninth Circuit's en banc decision could have a significant effect on the outcome of the petitioner's application. The "[s]pecial solicitude" that attends this case and many other habeas petitions already pending before the court would be thwarted, and the petitioners prejudiced, if the court were to hazard an incorrect guess about the reasoning and decision of the en banc panel in Hayward, only to start another round of briefing once that decision is announced. Yong v. I.N.S., 208 F.3d 1116, 1120 (9th Cir. 2000) (stating that in habeas cases "[s]pecial solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement'").  On the other hand, the court must be mindful not to impose an indefinite stay that runs the risk of lasting an oppressively long time. Id. ("we have never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case").

Petitioner argues that the principles under consideration by the Hayward court have been established by other Ninth Circuit and California decisions. However, because Hayward is being reheard en banc, the pending decision may depart from earlier panel decisions. Moreover, while panels of the Ninth Circuit have looked to state law in fashioning decisions on parole habeas, the en banc court may eschew such reliance and take a different approach in resolving the questions presented.

Therefore the court will grant a stay until the Ninth Circuit issues its decision. However, the court will not grant the stay to the extent requested by the respondent.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for discovery (docket no. 10) is denied;

2. Petitioner's motion for the appointment of counsel (docket no. 9) is denied; and

/////

/////

/////

        3. Respondent's motion for a stay (docket no. 8) is granted in part and denied in part. This action is stayed until the date the Ninth Circuit's <u>en banc</u> decision in <u>Hayward v. Marshall</u> is announced. The respondent shall have sixty days from that date in which to file an answer to the petition.

DATED: September 14, 2009.

                                                  _____
                                                  U.S. MAGISTRATE JUDGE

2

wess1082dsc+stay.

4